IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| AYOUB ELKHOUDIRI,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, and UPGRADE, INC.,<br><br>Defendant. | Case No. 5:24-cv-00026-BO-BM |

## AGREED PROTECTIVE ORDER

The parties to this action have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1. **Definitions.** As used in this protective order:
   (a) "attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisting an attorney of record in the matter;
   (b) "confidential" means a document reasonably designated as confidential under this protective order;
   (c) "destroy" means to shred or delete information received. Nothing about the term destroy shall prevent a lawyer from complying with professional and ethical rules requiring preservation of a client's file.
   (d) "document" means information disclosed or produced in discovery, including at a deposition;
   (e) "notice" or "notify" means written notice, including email;
   (f) "party" means a party to this action; and
   (g) "protected document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**
   (a) In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "Confidential," as defined by this order.
   (b) No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed;
   (c) A party or non-party disclosing or producing a document may designate it as

1

(d) confidential if the party or non-party reasonably contends that it contains confidential or proprietary information.

(d) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "Confidential." Deposition testimony may be designated as confidential:
   (1) after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

(f) If a party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents or deposition testimony it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the producing Party may designate the particular information as "Confidential—Attorneys' Eyes Only." Information marked "Confidential – Attorneys' Eyes Only" receive the same protections as "Confidential" information but is further limited in how it may be used or disseminated. Documents or portions of a document marked as "Confidential – Attorneys' Eyes Only" are to be used only for the litigation of this case; all other uses are prohibited.

(g) Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential – Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential – Attorneys' Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) Plaintiff, in the presence of his attorney either in-person or via a remote secure video conferencing platform; (c) counsel for the parties and their staff, whether retained outside counsel or in-house counsel; (d) court reporters; (e) fact witnesses; (f) present or former employees of the producing Party in connection with their depositions in this action; and (g) experts specifically retained as consultants or expert witnesses in connection with this litigation.

3. **Who May Receive a Confidential Document.**
   (a) "All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."
   (b) No person receiving a confidential document may reveal it, except to:
      (1) the court and its staff;
      (2) an attorney or an attorney's partner, associate, or staff;
      (3) a person shown on the face of the confidential document to have authored

2

or received it;
- (4) a court reporter or videographer retained in connection with this action;
- (5) any juror or alternative juror;
- (6) Experts retained in connection with this action;
- (7) Any witness in this action who has received the "Acknowledgement of Understanding" (Exhibit A);
- (8) Professional jury, trial consultants, mock jurors, and professional vendors, who have received the "Acknowledgement of Understanding" (Exhibit A);
- (9) any person who is retained to assist a party or attorney with this action, who has received the "Acknowledgement of Understanding" (Exhibit A);

(c) If a document designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as "Confidential" or "Confidential – Attorneys' Eyes Only" may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as "Confidential" or "Confidential – Attorneys' Eyes Only."

5. **Use of a Confidential Document in Court.**
   (a) Before filing any information that has been designated "Confidential" or "Confidential – Attorneys' Eyes Only" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed.
   (b) A party filing documents with the Court that it has designated as containing Confidential Information must file the documents under seal in compliance with EDNC Local Civil Rule 79.2 and Section V.G of the ECF Administrative Policies and Procedures Manual. Except for motions filed under seal in accordance with Section V.G.1.(f) of the ECF Administrative Policies and Procedures Manual, each time a party seeks to file documents that it has designated as containing Confidential Information under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. The supporting memorandum shall address the following issues with regard to the documents sought to be sealed:
   - (1) the exact document or item, or portions thereof, for which filing under seal is requested;
   - (2) how such request to seal overcomes the common law or the First Amendment presumption to access;
   - (3) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
   - (4) the reasons why alternatives to sealing are inadequate; and
   - (5) whether there is consent to the motion.

3

(c) In addition to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section I of the ECF Administrative Policies and Procedures Manual. The motion to seal shall be a public document and docket entry, which will give the public notice of the request to seal and a reasonable opportunity to challenge it. The memorandum in support may be filed under seal. The filing party must docket the proposed sealed document as the first docket entry, using the CM/ECF events specifically created for sealed documents. The motion to seal must be docketed after the proposed sealed document, and should link back to the proposed sealed document. The proposed order should be attached to the motion to seal.

(d) Notwithstanding any of the terms contained in the foregoing paragraph, in the event that a party seeks to file with the court documents that have been designated by another party as containing Confidential Information, the filing party shall provisionally file the materials under seal in accordance with Local Civil Rule 79.2 and V.G.1.(e) of the ECF Administrative Policies and Procedures Manual, with notice served on the party or individual who desires to maintain the materials under seal. Within seven (7) days after service of such notice, the party or individual desiring that the materials be maintained under seal shall file a motion to seal and supporting memorandum in accordance with Section V.G.1.(a) of the ECF Administrative Policies and Procedures Manual. The supporting memorandum shall address the following issues with regard to the documents sought to be sealed:
  (1) the exact document or item, or portions thereof, for which filing under seal is requested;
  (2) how such request to seal overcomes the common law or the First Amendment presumption to access;
  (3) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
  (4) the reasons why alternatives to sealing are inadequate; and
  (5) whether there is consent to the motion.

(e) In addition to the motion and supporting memorandum, the party or individual desiring that the materials be maintained under seal must set out such findings in a proposed order to seal, which should be submitted in accordance with Section I of the ECF Administrative Policies and Procedures Manual. The motion to seal shall be a public document and docket entry, which will give the public notice of the request to seal and a reasonable opportunity to challenge it. The memorandum in support may be filed under seal. The party or individual desiring that the materials be maintained under seal must docket the proposed sealed document as the first docket entry, using the CM/ECF events specifically created for sealed documents. The motion to seal must be docketed after the proposed sealed document, and should link back to the proposed sealed document. The proposed order should be attached to the motion to seal.

6. **Changing a Confidential Document's Designation.**
  (a) Document disclosed or produced by a party. A document designated as

"Confidential" or "Confidential – Attorneys' Eyes Only" that is disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A document designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that is produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 10 days from the date the challenge is made. If the parties cannot agree after they meet and confer, the designating party may file a motion seeking entry of a protective order concerning the specific document, seeking to have the Court designate it as confidential. That motion shall be filed no later than 21 (twenty-one) days after the parties meet and confer as discussed earlier in this paragraph. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

(d) If the motion affects a document produced by a non-party, then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as "Confidential" or "Confidential – Attorneys' Eyes Only" must show that the designation satisfies Fed. R. Civ. P. 26(c).

7. **Handling a Confidential Document after Termination of Litigation.**
   (a) Within 60 days after the termination of this action (including any appeals), each party must:
       (1) return or destroy all documents designated as "Confidential" and/or "Confidential – Attorneys' Eyes Only" under this Order.
   (b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court and each attorney may retain records as required by the professional rules of conduct for lawyers.

8. **Inadvertent Disclosure or Production to a Party of a Protected Document.**
   (a) Notice.
       (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.
       (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.
   (b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

9.  **Security Precautions and Data Breaches.**
    (a) Each party must make reasonable efforts to protect the confidentiality of any "Confidential" or "Confidential – Attorneys' Eyes Only" document disclosed or produced to that party.
    (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

10. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED**.

Dated:

5-9-24

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

AGREED TO:

*/s/ Ryan D. Peterson*
Ryan D. Peterson, MN #0389607
**CONSUMER ATTORNEYS**
6600 France Ave, Suite 602
Edina, Minnesota 55435
E: rpeterson@consumerattorneys.com
T: (651) 315-7656
F: (718) 715-1750

Dawn McCraw
North Carolina Bar No. 54714
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: 602.807.1527
F: (718) 715-1750
E: dmccraw@consumerattorneys.com

*Attorneys for Plaintiff*
*Ayoub Elkhoudiri*


*/s/ Ethan Goemann*
Ethan Goemann, N.C. State Bar No. 50731
**SEYFARTH SHAW**
300 S. Tryon Street, Suite 400
Charlotte, NC 28202
E: egoemann@seyfarth.com
T: (704) 925-6026

*Attorney for Defendant*
*Equifax Information Services LLC*


*/s/ Colin T. Dean*
Colin T. Dean, NC Bar No. 50090
**McGlinchey Stafford**
505 20th Street North, Suite 800
Birmingham, AL 35203
E: cdean@mcglinchey.com
T: (205) 725-6400

*Attorney for Defendant Upgrade, Inc.*

*/s/ Caren D. Enloe*
Caren D. Enloe, NC State Bar No. 17394
**SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS**
P.O. Box 176010
Raleigh, NC 27619-6010
E: cenloe@smithdebnamlaw.com
T: (919) 250-2000
F: (919) 250-2124

*Counsel for Defendant*
*Experian Information Solutions, Inc*


*/s/ Mark F. Kirkland*
Marc F. Kirkland, N.C. State Bar No. 60678
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER.**
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
E: mkirkland@qslwm.com
T: (214) 560-5454
F: (214) 871-2111

*Counsel for Defendant*
*TransUnion LLC*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| AYOUB ELKHOUDIRI,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, and UPGRADE, INC.,<br><br>    Defendant. | Case No. 5:24-cv-00026-BO-BM |

## ACKNOWLEDGEMENT OF UNDERSTANDING

I have read and understand the protective order in the case captioned Elkhoudiri v. Equifax Information Services, LLC et al, Case No. 5:24-cv-00026-BO-BM in the United States District Court for the Eastern District of North Carolina. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

_____   _____
Date                             Signature

               _____
               Printed Name

8

Case 5:24-cv-00026-BO-BM   Document 31   Filed 05/10/24   Page 8 of 8